John Donovan, Justice *739 Appellant Jan Voda pled guilty to a misdemeanor charge of driving while intoxicated, and was sentenced to twelve months' probation. From that conviction, appellant brings this appeal claiming that he was denied a speedy trial. We affirm.
Background
On October 5, 2012, appellant was arrested in Brazoria County, Texas, and charged with driving while intoxicated ("DWI"). At that time, appellant resided in Lawrenceville, New Jersey. Appellant was released on bond. On November 8, 2012, the State dismissed that charge because "Ft. Bend County has better jurisdiction." Appellant was notified of the dismissal by his bonding company
In April 2013, appellant moved to Miami, Florida. He submitted a change of address form notifying the post office of a Gainesville, Florida address. Additionally, appellant obtained a Florida driver's license.
On July 1, 2013, Fort Bend County charged appellant with DWI. A summons was issued for appellant to appear in court on August 2, 2013. It was sent to appellant's address in New Jersey by regular mail, return receipt requested. Appellant did not receive the notice regarding the summons. The summons was returned to Fort Bend County and it was filed in the county clerk's file. The envelope containing the summons was returned to the county clerk, return to sender. Appellant's address in Gainesville, Florida, was stamped on the face of the envelope. When appellant failed to appear in court on August 2, 2013, an arrest warrant was issued by the trial court. No further attempts were made to serve appellant with summons.
In September 2014, appellant learned of the pending arrest warrant and charge in Fort Bend County when a prospective employer performing a background check asked for an explanation. That same month, appellant was arrested for driving under the influence ("DUI") in Alachua County, Florida. He pled guilty to the Florida DUI in January 2015.
On February 29, 2016, appellant retained counsel and moved to dismiss the Fort Bend County DWI case for failure to provide a speedy trial. On April 1, 2016, appellant requested a case reset. He did not assert his right to a speedy trial at this setting. On May 24, 2016, appellant set his motion to dismiss for August 12, 2016. On August 12, 2016, the hearing was reset by agreement. On August 19, 2016, the trial court denied appellant's motion to dismiss and set the matter for trial September 27, 2016. On the day of trial, appellant pled guilty, and the trial court entered judgment pursuant to a plea agreement.[1] This appeal timely followed.
Analysis
Summarized below are relevant dates.
• 10/05/2012 Appellant was arrested for DWI
• 11/11/2012 Brazoria County, TX dismissed the case
• 07/01/2013 Fort Bend County, TX refiled the DWI charge
• 07/15/2013 Fort Bend County, TX mailed summons to NJ address
• 08/02/2013 Appellant failed to appear in court in TX
• 08/12/2013 Arrest warrant was issued for appellant *740 • 09/10/2013 Summons returned unserved and stamped with FL address
• 09/2014 Appellant learned of pending TX charge/arrest warrant
• 09/2014 Alachua County, FL charged appellant with DUI
• 02/29/2016 Appellant filed motion to dismiss in TX
• 04/01/2016 Appellant appeared in TX county court and reset case
• 05/24/2016 Appellant appeared in court and set motion for hearing
• 08/12/2016 Appellant appeared in court and reset the hearing
• 08/19/2016 Court denied appellant's motion to dismiss
• 09/27/2016 First trial setting: appellant pled guilty
I. Appellant's issue.
In his sole issue, appellant argues he is entitled to dismissal because his right to a speedy trial was violated as a result of a "forty-one-month delay where the State knew of his location but failed to bring him to trial and appellant showed actual harm."
II. Appellant's right to a speedy trial was not violated.
A. Standard of review and applicable law.
An accused is guaranteed the right to a speedy trial under both the United States and Texas Constitutions. U.S. Const. amend. VI ; Tex. Const. art. I, § 10. Texas courts apply the same standard to enforce the state constitutional right to a speedy trial as federal courts use to enforce the Sixth Amendment right to a speedy trial. Harris v. State , 827 S.W.2d 949, 956 (Tex. Crim. App. 1992). We therefore analyze together appellant's claims that these rights were violated. Ortega v. State , 472 S.W.3d 779, 785 (Tex. App.-Houston [14th Dist.] 2015, no pet.).
The right to a speedy trial attaches once a person is either arrested or charged with an offense. Cantu v. State , 253 S.W.3d 273, 280 (Tex. Crim. App. 2008). Courts analyze speedy trial claims on a case-by-case basis by balancing the following factors: (1) length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice inflicted on the defendant by the delay. Zamorano v. State , 84 S.W.3d 643, 647-48 (Tex. Crim. App. 2002) (citing Barker v. Wingo , 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) ). No single Barker factor is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." Barker , 407 U.S. at 533, 92 S.Ct. 2182. Instead, the factors must be examined together, along with any other relevant circumstances. Id.
In order to trigger a speedy-trial violation analysis, "an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." Doggett v. United States , 505 U.S. 647, 651-52, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). There is no set time element that triggers the analysis, but courts have held that a delay of four months is not sufficient while a seventeen-month delay is. Cantu , 253 S.W.3d at 281. Once the first Barker factor is satisfied, an analysis of the remaining factors is triggered. Id. Once the Barker test is triggered, courts must analyze the speedy-trial claim by first weighing the strength of each of the Barker factors and then balancing their relative weights in light of "the conduct of both the prosecution and the defendant." Id. No one factor is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." Id. Instead, the four factors are related and *741 must be considered together along with any other relevant circumstances. Id. As no factor possesses "talismanic qualities," courts must engage "in a difficult and sensitive balancing process" in each individual case. Id . See State v. Wei , 447 S.W.3d 549, 554 (Tex. App.-Houston [14th Dist.] 2014, pet. ref'd) ("The defendant's burden of proof varies inversely to the State's degree of culpability for the delay.").
We apply a bifurcated standard of review when analyzing a trial court's ruling on a speedy trial claim. Cantu , 253 S.W.3d at 282. Legal components are evaluated de novo , while the factual components are evaluated for an abuse of discretion. Id. Review of the individual Barker factors necessarily involves factual determinations and legal conclusions, but the balancing test as a whole is "a purely legal question." Id. With respect to the trial court's resolution of factual issues, we view all of the evidence in the light most favorable to the trial court's ruling. Id. Because the trial court denied appellant's motion on the record without making findings, "we presume that the trial judge resolved any disputed fact issues in the State's favor, and we defer to the implied findings of fact that the record supports." Id. There are no disputed fact issues in this case.
B. Analysis of the Barker factors.
1. The delay triggers a full speedy-trial analysis.
This first factor is a double inquiry. See Doggett , 505 U.S. at 651, 112 S.Ct. 2686. A court first "must consider whether the delay is sufficiently long to even trigger a further analysis under the Barker factors, and if it is, then the court must consider to what extent it stretches beyond this triggering length." Hopper v. State , 520 S.W.3d 915, 924 (Tex. Crim. App. 2017).
To initially trigger a speedy trial analysis, the first Barker factor, the length of the delay, is measured from the time the defendant is arrested or formally accused until the trial or the defendant's demand for a speedy trial occurs. United States v. Marion , 404 U.S. 307, 313, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) ; see Ortega , 472 S.W.3d at 785-86 ; Celestine v. State , 356 S.W.3d 502, 507 (Tex. App.-Houston [14th Dist.] 2009, no pet.). The length of the delay is, to some extent, a triggering mechanism, so that a speedy trial claim will not even be heard until passage of a period of time that is, on its face, unreasonable in the circumstances. Dragoo v. State , 96 S.W.3d 308, 313 (Tex. Crim. App. 2003). "If the accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." Doggett , 505 U.S. at 652, 112 S.Ct. 2686. Generally, courts find a delay approaching one year sufficient to trigger a full inquiry. Doggett , 505 U.S. at 652 n.1, 112 S.Ct. 2686 ; Dragoo , 96 S.W.3d at 314.
Here, appellant was formally charged by Fort Bend County on July 1, 2013, and filed his motion to dismiss alleging a speedy-trial violation on February 29, 2016-an interval of thirty-two-months. The State concedes that this delay is sufficient to trigger a full Barker analysis. We agree. See Dragoo , 96 S.W.3d at 314 (interval of three and one-half years sufficient to trigger examination of all factors); Zamorano , 84 S.W.3d at 649-50 (delay of two years and ten months in "plain-vanilla DWI case" sufficiently lengthy to trigger judicial review of other Barker factors); Lopez v. State , 478 S.W.3d 936, 942 (Tex. App.-Houston [14th Dist.] 2015, pet. ref'd) (citing Shaw v. State , 117 S.W.3d 883, 889 (Tex. Crim. App. 2003) (delay *742 approaching one year is sufficient to trigger a speedy trial inquiry)). Thus, we conclude that this factor weighs against the State. Zamorano , 84 S.W.3d at 649-50 ("Because the length of the delay stretched well beyond the bare minimum needed to trigger judicial examination of the [speedy trial] claim, this factor-in and of itself-weighs heavily against the State.").
2. The reason for delay was not explained.
The burden of justifying the delay is on the State. Cantu , 253 S.W.3d at 280. In evaluating the State's reason for the delay, we assign different weights for different reasons. Barker , 407 U.S. at 531, 92 S.Ct. 2182. Valid reasons for delay do not weigh against the State, whereas bad-faith delays weigh heavily against the State. See Hopper v. State , 495 S.W.3d 468, 474 (Tex. App.-Houston [14th Dist.] 2016), aff'd , 520 S.W.3d 915 (Tex. Crim. App. 2017). A more neutral reason, such as negligence, will weigh less heavily against the State. Barker, 407 U.S. at 531, 92 S.Ct. 2182. In the absence of an assigned reason for the delay by the State, we may presume neither a deliberate attempt to prejudice the defense nor a valid reason for the delay. Dragoo , 96 S.W.3d at 314 ; accord Ortega , 472 S.W.3d at 786.
As noted above, the length of delay was thirty-two-months. The State did not offer a specific reason for the delay. This factor therefore weighs in favor of finding a violation of the speedy trial right. See Ortega , 472 S.W.2d at 786 (failing to notify appellant of refiled charges for two years weighs against State); State v. Jones , 168 S.W.3d 339, 347 (Tex. App.-Dallas 2005, pet. ref'd) (knowing appellee's location and failing to execute the capias/warrant for almost two years weighs against the State); Guajardo v. State , 999 S.W.2d 566, 569-70 (Tex. App.-Houston [14th Dist.] 1999, pet ref'd) (mislabeling letter to wrong address and then waiting five years to locate appellant weighs against the State).
3. Appellant failed to request a speedy trial.
"The defendant has no duty to bring himself to trial; that is the State's duty." Cantu , 253 S.W.3d at 282. However, a defendant does have the responsibility to assert his right to a speedy trial. Id. "Filing for a dismissal instead of a speedy trial will generally weaken a speedy-trial claim because it shows a desire to have no trial instead of a speedy one." Id. at 283. If a defendant fails to first seek a speedy trial before seeking dismissal of the charges, he should provide cogent reasons for this failure." Id. The failure to request a speedy trial before seeking dismissal "supports an inference that the defendant does not really want a trial, he wants only a dismissal." Id.
The record in this case shows that appellant waited approximately eighteen months before asserting, through a motion to dismiss, his speedy trial rights. Appellant testified that he learned of the charge in Fort Bend County in September 2014.[2] It was not until February 2016 that he filed a motion to dismiss based on a violation of his speedy trial rights. No hearing was set on appellant's motion at that time. Appellant did not request a trial date. Instead, appellant's counsel signed three case reset forms. The motion was not set for hearing until August 2016. There is no *743 indication in the record that appellant asked for a speedy trial before filing his motion. In view of the lengthy delay here, in which appellant acquiesced and sought case resets, this factor weighs against appellant in establishing a violation of his speedy trial right. See Dragoo , 96 S.W.3d at 315 ; Smith v. State , 436 S.W.3d 353, 366-67 (Tex. App.-Houston [14th Dist.] 2014, pet. ref'd) ; cf. Ortega , 472 S.W.3d at 787 (concluding third factor carried only minimal weight in establishing a violation of appellant's speedy trial right where appellant, upon learning of charges against him, did not file motion to quash or dismiss for three months but, instead, signed several case resets).
4. Appellant did not make a prima facie showing of prejudice.
The fourth Barker factor that the trial court must consider is prejudice to the defendant caused by the delay. We evaluate this final factor in light of the interests that the speedy-trial right was designed to protect. See Barker , 407 U.S. at 532, 92 S.Ct. 2182. The Supreme Court has identified three such interests: (1) to prevent oppressive pretrial incarceration; (2) to minimize the defendant's anxiety and concern; and (3) to limit the possibility that the defense will be impaired. Id. ; see State v. Munoz , 991 S.W.2d 818, 826 (Tex. Crim. App. 1999). Of these interests, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Barker , 407 U.S. at 532, 92 S.Ct. 2182.
The defendant has the burden to make some showing of prejudice, although a showing of "actual prejudice" is not required. Barker , 407 U.S. at 532, 92 S.Ct. 2182. If the defendant makes a prima facie showing of prejudice, the burden shifts to the State to prove that the defendant suffered "no serious prejudice beyond that which ensued from the ordinary and inevitable delay." Id. Furthermore, if the State fails to persuasively rebut the presumption of prejudice, the defendant is entitled to relief. Doggett , 505 U.S. at 658, 112 S.Ct. 2686.
In this case, the first interest that the speedy trial right was designed to protect is not at issue because appellant was not aware of the Fort Bend County pending charge until September 2014, and he was not imprisoned at any time during the thirty-two-month period between indictment in Fort Bend County and his motion to dismiss, asserting a violation of speedy trial rights. Moreover, at his very first trial setting he pled guilty, which was within six months of filing his motion to dismiss. See Lott v. State , 951 S.W.2d 489, 494 (Tex. App.-El Paso 1997, pet. ref'd) ("Finally, Lott was not incarcerated for the thirty-year period between the original indictment and the final resolution of this case. Lott's case was finally disposed of within eight months after his first, and only, demand for a speedy trial.").
With respect to the second interest, appellant claims he suffered anxiety by losing an employment opportunity, incurring additional travel costs, suffering additional stress while preparing for medical board exams, and committing another offense which would have been prevented had he been charged and prosecuted immediately. Appellant has not shown these claims caused him stress beyond the level normally associated with being arrested for driving while intoxicated or otherwise being criminally charged. As such, these claims do not present this Court, and did not present the trial court, with any argument regarding the prejudice-to-the-defense factor. See Shaw , 117 S.W.3d at 890 (evidence of generalized anxiety, though relevant, is no sufficient proof of prejudice when it is no greater anxiety or concern *744 beyond the level normally associated with a criminal charge or investigation); Washington v. State , No. 02-14000454-CR, 2016 WL 4538566, at *11 (Tex. App.-Fort Worth Aug. 31, 2016, pet. ref'd) (appellant's claims he was "living a normal life, working [every day], active in church, [and] staffing his non[-]profit organization to help homeless people[,] battered women, [and] troubled teens [; and that] he was about to be married when his life was disrupted" do not rise beyond the level of being charged with a crime). Moreover, to the extent appellant attempts to attribute his anxiety to the failure to be prosecuted immediately in this case, alleging "it is likely he would have received intensive treatment to address his addiction in 2012 rather than 2015 which would have prevented the 2015 Florida DUI charge," this is nothing more than speculation. Appellant's self-serving testimony alone is insufficient to demonstrate prejudice. See State v. Smith , 76 S.W.3d 541, 552 (Tex. App.-Houston [14th Dist.] 2002, pet. ref'd). No evidence was presented to show any nexus between the delay in bringing the case to trial and appellant's Florida DUI charge. See Barker , 407 U.S. at 534, 92 S.Ct. 2182 ("The prejudice with which we are concerned is prejudice caused by the delay that triggered the Barker inquiry, not simply any prejudice that may have occurred before the trial date but unrelated to the fact of the delay itself.").
Appellant's claimed prejudice necessarily turns on the third identified interest-the possibility that his defense was impaired by the delay. Appellant first contends that we should presume prejudice resulted from the "excessive delay." See Doggett , 505 U.S. at 655, 112 S.Ct. 2686. Courts have held that delays of five years and longer are presumptively prejudicial under the fourth Barker factor. See Guajardo , 999 S.W.2d at 570 (nearly five-year delay raises presumption of prejudice); see also Doggett , 505 U.S. at 657-58, 112 S.Ct. 2686 (eight-and-one-half years was presumptively prejudicial). Yet even when the delay is presumptively prejudicial, the appellant must nevertheless show that he has, in fact, been prejudiced. Guajardo , 999 S.W.2d at 570 ; see Doggett , 505 U.S. at 655-56, 112 S.Ct. 2686. Although the delay in this case triggers a speedy-trial analysis, it is not long enough for appellant to have suffered presumptive prejudice. The thirty-two-month delay in the present case is not so lengthy as to excuse appellant from the requirement of demonstrating prejudice. See Ortega , 472 S.W.3d at 787 n. 4.[3]
To the extent appellant alleges in his brief, under "statement of facts," that he lost touch with a potential witness who saw him just before he was arrested, he has failed to demonstrate that his defense was impaired. A claim of prejudice based on the unavailability of witnesses requires an appellant to show: (1) the witness was unavailable at the time of trial; (2) the testimony that would have been offered was relevant and material to the defense; and (3) due diligence was exercised in an attempt to locate the witnesses for trial. Phipps v. State , 630 S.W.2d 942, 947 (Tex. Crim. App. 1982) ; Ortega , 472 S.W.3d at 787. Here, appellant has failed to show what material information the witness would have provided. See *745 Palacios v. State , 225 S.W.3d 162, 169-70 (Tex. App.-El Paso 2005, pet. ref'd). Rather, appellant concedes in his brief that "he is unaware of what, if anything, she remembers about what happened the night of his arrest." Moreover, appellant has not shown that he exercised due diligence in attempting to locate the witness. Consequently, appellant has failed to make a prima facie showing that his defense was impaired by the absence of a witness. See Webb v. State , 36 S.W.3d 164, 175 (Tex. App.-Houston [14th Dist.] 2000, no pet.).
Accordingly, the record does not show that appellant's ability to defend himself was prejudiced by the delay. See Barker , 407 U.S. at 533-34, 92 S.Ct. 2182 (where defendant was not seriously prejudiced by five-year delay between arrest and trial and defendant did not want speedy trial, defendant's Sixth Amendment right to speedy trial not violated); Phipps , 630 S.W.2d at 946 (where defendant demonstrated no prejudice by four-year delay between arrest and trial and defendant waited until one month before trial to assert his right to a speedy trial, defendant's Sixth Amendment right to speedy trial not violated). Here, we conclude appellant has not shown he suffered actual prejudice. Thus, we conclude this factor weighs against a finding of a speedy trial violation
5. Balancing the factors.
Having addressed the four Barker factors, we must now balance them. See Barker , 407 U.S. at 533, 92 S.Ct. 2182. "[C]ourts must apply the Barker balancing test with common sense and sensitivity to ensure that charges are dismissed only when the evidence shows that a defendant's actual and asserted interest in a speedy trial has been infringed." Cantu , 253 S.W.3d at 281. No single factor is either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial. Barker , 407 U.S. at 533, 92 S.Ct. 2182. "Rather, they are related factors and must be considered together with such other circumstances as may be relevant." Id.
The first factor weighs in favor of a violation of appellant's speedy trial right because the delay was lengthy. Because the thirty-two-month delay was not explained, the second factor weighs in favor of finding a violation. The third factor-appellant's inaction and failure to request a speedy trial-weighs against finding a violation. Lastly, appellant's failure to demonstrative presumptive or particularized prejudice by the delay weighs against finding a violation of appellant's speedy trial right.
Any prejudice appellant suffered as a result of the delay is attenuated by his acquiescence to the delay. Appellant knew in September 2014 that he had been indicted in Fort Bend County but did not assert his right to a speedy trial for almost 18 months, moved for dismissal rather than a speedy trial, agreed to more than one case reset, and pled guilty at first trial setting. These facts indicate appellant wanted a dismissal rather than a speedy trial. See Balderas v. State , 517 S.W.3d 756, 771 (Tex. Crim. App. 2016) (lack of timely demand for speed trial strongly indicates defendant did not really want one); see also Hopper , 495 S.W.3d at 481.
Having analyzed the Barker factors, we conclude that, on balance, the evidence supports the trial court's ruling. Thus, we hold that appellant was not denied his right to a speedy trial and the trial court did not err in denying appellant's motion to dismiss. We overrule appellant's issue.
Conclusion
The trial court's judgment is affirmed.

The trial court signed a certification of defendant's right to appeal, which states in pertinent part that the "trial court has given permission to appeal, and the defendant has the right of appeal."

Appellant could not have sought a speedy trial diligently before this date because he was unaware of the pending charges.

We conclude that, even if we applied a presumption of prejudice in this case, the presumption is rebutted because appellant acquiesced in the delay. See Doggett , 505 U.S. at 658, 112 S.Ct. 2686 (presumption of prejudice to a defendant's ability to defend himself can be "extenuated ... by the defendant's acquiescence" in the delay); Hopper , 520 S.W.3d at 929 ("Any presumptive prejudice due to the passage of time was extenuated by appellant's acquiescence in the delay and even further extenuated by appellant's failure to employ a remedy that would have guaranteed him a speedy trial.").